**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CITY OF WARWICK MUNICIPAL EMPLOYEES PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | : : : : | |
| Plaintiff, | : : | Case No.  1:17-cv-03501-JFK |
| vs. | : : | CLASS ACTION |
| RACKSPACE HOSTING, INC., WILLIAM TAYLOR RHODES, and KARL PICHLER, | : : : | |
| Defendants. | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**THE CITY OF WARWICK MUNICIPAL EMPLOYEES PENSION FUND**
**FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ................................................................................................... 3

ARGUMENT .......................................................................................................................... 6

I.  THE CITY OF WARWICK SHOULD BE APPOINTED LEAD PLAINTIFF ............... 6

    A.  The PSLRA Standard For Appointing Lead Plaintiff ............................................ 6

    B.  The City of Warwick Is The "Most Adequate Plaintiff" ....................................... 7

        1.  The City of Warwick's Motion Is Timely ................................................. 7

        2.  The City of Warwick Has the Largest Financial Interest .......................... 8

        3.  The City of Warwick Satisfies Rule 23's Typicality and Adequacy
           Requirements ............................................................................................ 8

           (i)  The City of Warwick's Claims Are Typical ................................... 9

           (ii)  The City of Warwick Will Fairly and Adequately Protect
               the Interests of the Class ............................................................... 9

    C.  As a Sophisticated Institutional Investor, The City of Warwick Is Precisely
        the Type of Lead Plaintiff Congress Envisioned When It Passed the
        PSLRA ................................................................................................... 10

II.  THE CITY OF WARWICK'S SELECTION OF COUNSEL MERITS
    APPROVAL .......................................................................................................... 11

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)..............................................................2, 11, 12

*City of Monroe Emps. Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................8

*In re Elan Corp. Sec. Litig.*,
No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ..............10

*Faig v. Bioscrip, Inc.*,
No. 13 Civ. 06922(AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)................9

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................7

*Glauser v. EVCI Career Colls. Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006) ................................................................2

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 112 (S.D.N.Y. 2010) ................................................................9

*In re KIT Digital, Inc. Sec. Litig.*,
293 F.R.D. 441 (S.D.N.Y. 2013) ..............................................................11

*Lipetz v. Wachovia Corp.*,
No. 08 Civ. 6171 (RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ................10

*Randall v. Fifth Street Fin. Corp.*,
No. 15-cv-7759 (LAK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016)......................8

*Sgalambo v. McKenzie*,
268 F.R.D. 170 (S.D.N.Y. 2010) ................................................................9

*Teran v. Subaye, Inc.*,
No. 11 Civ. 2614 (NRB), 2011 WL 4357362 (S.D.N.Y. Sept. 16, 2011) ............8, 9

**Rules & Statutes**

Fed. R. Civ. P. 23 ................................................................................ *passim*

15 U.S.C. § 78u-4(a) *et seq.*................................................................. *passim*

-ii-

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-8141 (S.D.N.Y.)................................................................................12

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08-md-1963 (S.D.N.Y.) ............................................................................12

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
  No. 09-md-2027 (S.D.N.Y.) ............................................................................12

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ....................... *passim*

The City of Warwick Municipal Employees Pension Fund (the "City of Warwick") respectfully moves this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing the City of Warwick as Lead Plaintiff for the Class of all persons or entities who purchased or otherwise acquired the securities of Rackspace Hosting, Inc. ("Rackspace") between November 11, 2014 and August 10, 2015, inclusive (the "Class Period"); and (2) approving the City of Warwick's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class (the "Motion").

## PRELIMINARY STATEMENT

The City of Warwick, a sophisticated institutional investor that manages more than $100 million in retirement benefits on behalf of current and retired municipal employees and their dependents, respectfully submits that it should be appointed Lead Plaintiff on behalf of all investors who purchased or otherwise acquired Rackspace securities during the Class Period (the "Class"). This action (the "Action") alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Rackspace, William Taylor Rhodes, Rackspace's Chief Executive Officer ("CEO"), and Karl Pichler, Rackspace's Chief Financial Officer ("CFO") (collectively, the "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which person has the "largest financial interest" in the relief sought by the Class in the Action, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class

representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C.
§ 78u-4(a)(3)(B)(iii)(I).

As explained in more detail below, the City of Warwick is the "most adequate plaintiff."
The City of Warwick incurred losses of **$7,112** on its Class Period transactions in Rackspace
securities as calculated on a last-in-first-out ("LIFO") basis.[1]  Accordingly, the City of Warwick
has a substantial financial interest in directing this litigation and recovering losses attributable to
Defendants' violations of federal securities laws—an interest believed to be greater than that of
any other qualified movant.

The City of Warwick also meets the typicality and adequacy requirements of Rule 23
because its claims are typical of those of absent Class members, and because it will fairly and
adequately represent the interests of the Class.  Furthermore, as a sophisticated institutional
investor, the City of Warwick is precisely the type of investor that Congress intended to empower
to lead complex securities class actions.  *See* Statement of Managers – The Private Securities
Litigation Reform Act of 1995, H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995
U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class
actions will ultimately benefit shareholders and assist courts by improving the quality of
representation in securities class actions"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d
Cir. 2001); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006)
("the PSLRA was passed . . . to increase the likelihood that institutional investors would serve as

---

[1]    A copy of the Certification of Alfred T. Marciano, Chairman of the City of Warwick
("Certification"), is attached as Exhibit A to the Declaration of Christopher J. Keller (the "Keller
Decl.").  The Certification sets forth all transactions of the City of Warwick in Rackspace
securities during the Class Period.  In addition, a table reflecting the calculation of financial
losses sustained by the City of Warwick on its Class Period transactions in Rackspace securities
("Loss Analysis"), is attached as Exhibit B to the Keller Declaration.

lead plaintiffs in actions such as this one") (citation omitted).  Accordingly, the City of Warwick is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Finally, pursuant to the PSLRA, the City of Warwick respectfully requests that the Court approve the selection of Labaton Sucharow as Lead Counsel for the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").  Labaton Sucharow is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors.

Accordingly, the City of Warwick respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its choice of Counsel.

## FACTUAL BACKGROUND

Rackspace, together with its subsidiaries, is a cloud computing company that provides data hosting and other related services to business customers around the world.  The Company's cloud computing services offer public, private, and hybrid cloud hosting, that include dedicated servers, databases, storage, and networking.

Rackspace has two reportable segments: the Americas and International.  The International segment accounted for 32 percent of Rackspace's 2015 revenue.  Vodafone Group Plc ("Vodafone"), a U.K.-based multinational telecommunications provider, was a significant customer within the Company's International segment.  According to CEO Rhodes, Vodafone is one of Rackspace's "largest and longest-tenured customers."

In 2007, Vodafone launched M-Pesa (M for mobile, pesa is Swahili for money), a mobile phone-based money transfer, financing and microfinancing service.  M-PESA allows users to deposit, withdraw, transfer money and pay for goods and services easily with a mobile device.

3

M-PESA spread rapidly, and by 2010 had become the most successful mobile-phone-based financial service in the developing world.

On August 9, 2010, the Company's then-CEO, Lanham Napier, highlighted that Rackspace had renewed the so-called M-PESA contract with Vodafone for an additional five years (the "Vodafone Contract").  After this renewal, the Vodafone Contract was due to expire in five years, or on April 1, 2015.

By the start of the Class Period, unbeknownst to investors, Rackspace and Vodafone were in discussions concerning the non-renewal of the Vodafone Contract.  In fact, Vodafone had engaged in extensive data-migration away from Rackspace servers well in advance of the April 1, 2015 expiration date, signaling Vodafone's intent to replace the Rackspace contract with alternative providers.

While investors could have speculated that the Vodafone Contract would terminate on the April 1, 2015 expiration date, Defendants intentionally concealed the impending loss of the Vodafone Contract, and the attendant impact on the Company's growth prospects.  Indeed, Defendants never disclosed the financial impact of the Vodafone Contract non-renewal on Rackspace's reported financial results and future growth.  As detailed herein, the Vodafone Contract was highly material to Rackspace's business – Vodafone was one of Rackspace's "largest and longest-tenured customers," and a significant contributor to Rackspace's International segment, which represented 32 percent of the Company's 2015 revenues.

Because Defendants concealed the impending loss of the Vodafone Contract and the concomitant impact on the Company's business outlook and financial prospects, Rackspace common stock traded at artificially inflated prices during the Class Period, reaching a high of nearly $56 per share on April 27, 2015.

4

Suddenly, on May 11, 2015, after months of touting the strength and growth prospects of its U.K. business, which would have included Vodafone, Rackspace reported its First Quarter ("Q1") 2015 Revenue and Margins and issued a weak sales outlook.  The Company primarily attributed this disappointing news to a "one-time revenue headwind" due to the expiration of a contract from one of the Company's "largest and longest-tenured customers."

On the same day, during the Company's earnings call, CEO Rhodes further stated that "the reason we decided to mention [the expiration of the contract] -- and we've never done before -- is it is material, and it is significant."  Still, Rhodes attempted to ease investor concern by reiterating the Company's full-year 2015 guidance of $2.0 to $2.1 billion, and stating that Rackspace retains "a healthy relationship with [Vodafone], and expect[s] to grow this revenue back with them over time."

In response to this announcement, the price of Rackspace stock declined over the next two trading days – falling from $53.13 per share on May 11, 2015 to close at $43.75 per share on May 13, 2015, or 17.65 percent, on extremely heavy trading volume.

Then, on May 27, 2015, during the Cowen and Company 43rd Annual Technology, Media & Telecom conference call, analysts expressed concern about the Company's knowledge of the Vodafone Contract expiration and its impact on full-year 2015 revenue guidance.  The Company's CFO Pichler, responded by stating that Vodafone is "one of our largest customers in the Company and the largest one in our UK business . . . [s]o in this specific case, we have been [sic] known about this.  We have been talking about this."  Remarkably, during the conference call, Rackspace acknowledged that its 2015 revenue guidance of $2.0 to $2.1 billion remained unchanged.

In reaction to this news, Rackspace stock dropped $0.78 per share, or 1.83 percent, to close at $41.86 per share on May 28, 2015.

Finally, on August 10, 2015, the true impact of the Vodafone Contract non-renewal was finally revealed when Rackspace lowered its 2015 revenue guidance to "just below $1.99 billion" due to "marketing and sales issues . . . and product challenges."  Although the Company did not attribute this guidance reduction to the Vodafone Contract non-renewal specifically, the loss of Q3 and Q4 2015 Vodafone Contract recurring revenues that were originally assumed during these quarters caused the Company to lower its 2015 revenue guidance.   On this news, Rackspace stock dropped $2.49 per share, or 7.85 percent, to close at $29.24 per share on August 11, 2015.

Defendants' violations of the securities laws and the revelations thereof have caused Rackspace investors to incur significant losses.

## ARGUMENT

## I.     THE CITY OF WARWICK SHOULD BE APPOINTED LEAD PLAINTIFF

The City of Warwick respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, believes it has the largest financial interest in this litigation of any qualified movant, and satisfies the typicality and adequacy requirements of Rule 23.

### A.     The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward procedure for selecting a lead plaintiff for "each private action arising under [the Securities Act or the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

6

> Not later than 20 days after the date on which the complaint is
> filed, the plaintiff or plaintiffs shall cause to be published, in a
> widely circulated national business-oriented publication or wire
> service, a notice advising members of the purported plaintiff class–
>
> (I)      of the pendency of the action, the claims asserted therein,
> and the purported class period; and
>
> (II)      that, not later than 60 days after the date on which the
> notice is published, any member of the purported class may move
> the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members

to serve as lead plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-

4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the

"most adequate plaintiff" is the person who:  (1) filed a complaint or made a motion to serve as

lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) who

otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Foley v.*

*Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).  This presumption may be rebutted only by

"proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the

interests of the class" or "is subject to unique defenses that render such plaintiff incapable of

adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Foley*, 272 F.R.D. at 127.

**B.      The City of Warwick Is The "Most Adequate Plaintiff"**

**1.      The City of Warwick's Motion Is Timely**

The City of Warwick filed this motion to serve as Lead Plaintiff in a timely manner.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the City of Warwick published a notice on *Globe*

*Newswire* on May 11, 2017, the day after the complaint in the Action was filed.  *See* Keller

Decl., Ex. C.  The May 11, 2017 notice, in accordance with the PSLRA, indicated that

applications for Lead Plaintiff must be made no later than 60 days from the date on which the

notice was published; *i.e.*, July 10, 2017.  The City of Warwick filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

       2.       **The City of Warwick Has the Largest Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *City of Monroe Emps. Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 293 (S.D.N.Y. 2010).  At the time of this filing, the City of Warwick believes that it has the largest financial interest among Class members who filed timely applications for appointment as Lead Plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

The City of Warwick incurred a substantial loss of **$7,112** on its transactions in Rackspace securities on a LIFO basis during the Class Period.  *See* Loss Analysis, Keller Decl., Ex. B.  The City of Warwick is unaware of any other movant with a larger financial interest in the outcome of this litigation.  Accordingly, the City of Warwick has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth Street Fin. Corp.*, No. 15-cv-7759 (LAK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (movant with largest financial loss is presumptive lead plaintiff); *City of Monroe*, 269 F.R.D. at 296 (same).

       3.       **The City of Warwick Satisfies Rule 23's Typicality and Adequacy Requirements**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See Teran v. Subaye, Inc.*, No. 11 Civ. 2614 (NRB),

2011 WL 4357362, at *1 (S.D.N.Y. Sept. 16, 2011).  At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate.  *See Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010).

### (i)    The City of Warwick's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory.  *See Sgalambo v. McKenzie*, 268 F.R.D. 170, 173-74 (S.D.N.Y. 2010).  Rule 23 does not require the lead plaintiff to be identically situated with all class members.  *See Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922(AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013).

The City of Warwick's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, the City of Warwick alleges that Defendants made material misstatements and omissions regarding the impending loss of a highly material contract with Vodafone, and the attendant impact on the Company's growth prospects, in violation of the federal securities laws.  The City of Warwick, as did all of the members of the Class, purchased Rackspace securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby.  Because the City of Warwick's claims arise from the same course of events as do the claims of other class members, the typicality requirement is satisfied.  *See Subaye*, 2011 WL 4357362, at *5.

### (ii)    The City of Warwick Will Fairly and Adequately Protect the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Courts in this District assess a movant's adequacy based on:

"(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (citations and internal quotation marks omitted).

The City of Warwick will fairly and adequately represent the interests of the proposed Class. No antagonism exists between the City of Warwick's interests and those of the absent Class members; rather, the interests of the City of Warwick and Class members are squarely aligned. The City of Warwick suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action. *See Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171 (RJS), 2008 WL 4615895, at *3 (S.D.N.Y. Oct. 10, 2008) (noting investor's "substantial financial stake in the litigation" suggests that it would vigorously prosecute claims on behalf of the class). In addition, the City of Warwick has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).

Finally, there is no proof that the City of Warwick is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, the City of Warwick satisfies the adequacy requirement.

### C.       As a Sophisticated Institutional Investor, The City of Warwick Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

Congress' objective in enacting the lead plaintiff provisions of the PSLRA was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N.

730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation.  *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.  To this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions.  *See In re Cendant*, 264 F. 3d at 243-44 (noting that Congress established a preference for institutional investors serving as lead plaintiff); *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs").

Here, the City of Warwick is precisely the type of lead plaintiff envisioned by Congress. The City of Warwick is a sophisticated institutional investor with over $100 million in retirement benefits under management on behalf of current and retired municipal employees and their dependents.  The City of Warwick understands the duties of a lead plaintiff pursuant to the PSLRA, is willing to oversee the vigorous prosecution of this action, and has pledged to "provid[e] testimony at deposition and trial, if necessary."  Certification, Keller Decl., Ex. A.

In sum, the City of Warwick has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.  Accordingly, the City of Warwick is the paradigmatic lead plaintiff as contemplated by the PSLRA.

## II.    THE CITY OF WARWICK'S SELECTION OF COUNSEL MERITS APPROVAL

The PSLRA vests authority in the Lead Plaintiff to select lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant*, 264 F.3d at 276 (stating that

"the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, the City of Warwick has selected Labaton Sucharow to serve as Lead Counsel for the Class. Labaton Sucharow has excelled as lead counsel in numerous landmark securities class actions on behalf of defrauded investors. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members. Labaton Sucharow presently serves as lead or co-lead counsel in securities class actions against Goldman Sachs Group, Inc. and Facebook, Inc. among other significant investor class actions currently pending. *See* Labaton Sucharow Firm Resume, Keller Decl., Ex. D.

Thus, the Court may be assured that, by granting the City of Warwick's motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, the City of Warwick respectfully requests that the Court grant its motion and enter an Order: (1) appointing the City of Warwick as Lead Plaintiff; and (2) approving the City of Warwick's selection of Labaton Sucharow as Lead Counsel for the Class.

12

DATED:  July 10, 2017                    Respectfully submitted,

                                         */s/ Christopher J. Keller*

                                         **LABATON SUCHAROW LLP**
                                         Christopher J. Keller
                                         Eric J. Belfi
                                         Francis P. McConville
                                         Christopher D. Barraza
                                         140 Broadway
                                         New York, New York 10005
                                         Telephone: (212) 907-0700
                                         Facsimile:  (212) 818-0477
                                         ckeller@labaton.com
                                         ebelfi@labaton.com
                                         fmcconville@labaton.com
                                         cbarraza@labaton.com

                                         *Attorneys for the City of Warwick*
                                         *Municipal Employees Pension Fund and*
                                         *Proposed Lead Counsel for the Class*

                                         **ROBBINS GELLER**
                                         **RUDMAN & DOWD LLP**
                                         Samuel H. Rudman
                                         58 South Service Road, Suite 200
                                         Melville, New York 11747
                                         Telephone: (631) 367-7100
                                         Facsimile: (631) 367-1173
                                         srudman@rgrdlaw.com

                                         *Additional Counsel*